## Lee *vs* Lee *et al.*

### APPEAL FROM THE MARION CIRCUIT.

*Estates in fee. Remainder. Limitation. Executory devises. Uses. Shifting or springing.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

ON the 3d day of June, 1814, Philip Lee and wife, for the consideration expressed, of five pounds, conveyed "to Richard Lee, his heirs and assigns, or in case of the death of said Richard without lawful heirs, then to Samuel Lee, of the county of Adair, &c., and his heirs forever," a certain tract of land in the county of Washington, &c., "to have and to hold the said tract or parcel of land unto the said Richard Lee and his heirs, or in case of said Richard's death without lawful heirs, then to said Samuel and his heirs, after the death of said Richard," reserving an estate for life to the grantor. After the death of the grantor, Richard Lee being in possession, died without having had any children, and after having, by his will, which was proved and admitted to record, devised all his possessions, including land, &c., to the devisees therein named, who succeeded to the possession. Against these devisees and the widow of Richard Lee, who was also in possession, this action of ejectment was brought

EJECTMENT.

*Case* 149.

*September* 30.

A conveyance to "Richard, his heirs and assigns, or in case of the death of said Richard without lawful heirs, then to Samuel and his heirs forever, to have and to hold the said tract or parcel of land unto the said Richard and his heirs, or in case of said Richard's death without lawful heirs, then to the said Samuel and his heirs after the death of said Richard," reserving an estate for life to the grantor is void as to Samuel.

7bm 605
e112 880

on the demise of Samuel Lee. And a verdict having been rendered for the defendant, under the inrtructions of the Court, the sole question presented for our consideration, in revising the judgment thereon, is whether, under the deed of Philip Lee, Samuel Lee took an estate in the land entitling him to the possession after the death of Richard Lee.

Upon the face of the deed this is a clear case of an attempt to limit a fee upon or after a fee, which according to the ancient common law, could not be done by any mode of conveyance, but is in modern times allowed to be done by way of executory devise, or in a deed by way of spring or shifting executory use, dependent upon a contingency that may happen within a reasonable period, which is defined by the cases and rules applicable to the subject. Upon the face of the deed, without regard to external circumstances, the words "lawful heirs," have precisely the same signification and effect as the word "heirs" standing alone would have, and the deed conveys a fee simple absolute to Richard Lee, and attempts to limit upon it in case of his death without heirs, a similar estate to Samuel Lee. The deed does not convey the legal title to a trustee, limiting the uses first to one and then to anoher, upon contingency. And if it did, it would be difficult to find in it any restriction of the contingency to a period which could be deemed reasonable. It is not, however, a deed to uses, but a deed conveying the legal title to A. and his heirs, or in case of the death of A. without heirs, then to B. and his heirs. The words "after the death of said Richard," found in the habendum, and not in the granting part of the deed. have never even in cases of executory devise, been understood as fixing the contingency of dying without heirs, to the time of the death of the person referred to. And they do not seem to vary the effect of the previous words in which the contingency is expressed.

Upon this construction of the deed, the limitation to Samuel Lee, is void upon common law principles, because the whole estate is conveyed to, and vested in Richard Lee, the first taker. "A fee cannot at common law, be limited on a fee, as if lands are limitod to one

A fee cannot be limited upon, or after a fee, by deed- accoiding to the common law; but in modern times is allowed to be done by way of executory devise, or in a deed by way of springing or shifting executory use, dependent upon conditions that may happen within a reasonable period.

The limitation to Samuel is void according to the common law, as the whole estate passed to Rich-

and his heirs, and if he dies without heirs, then to another, this last limitation is void." (*Fearne on Remainders,* 373.) On this subject, references need not be multiplied.

The rule is general, that a devise, over after a dying without heirs, is void : (*Fearne,* 467.) But it is contended that as Samuel Lee was in fact the brother of Richard Lee, and as the latter therefore could not die nor be dead without heirs, so long as the former or his heirs survived, the import of the words "lawful heirs" must be restrained, and they should be understood as synonimous with children. Whence it is argued, that the deed should be understood as intending to convey an estate for life to Richard, remainder to his children, if any, at his death, and if none, remainder to his brother Samuel and his heirs. But suppose at the death of Richard Lee, he had left no child, but a grand child or grand children, can it be said that the parties intended the estate in that event to go to Samuel Lee, instead of going to Richard Lee's grand children? And as it cannot, in our opinion, be so determined, does it not follow that the construction contnded for, would not, in contingencies which might well have happened, conform to the intention of the parties. The deed, if construed according to the external circumstances, must be construed according to circumstances existing at its date, and not according to those which may have afterwards happened ; and although Richard Lee was unmarried at the date of the deed, the contingency of his afterwards marrying and having children, was evidently contemplated, and the event of his leaving no child but grand children living at his death, must be regarded as within the scope of the deed, if it were in terms what it is attempted to be made by construction, what would be its effect if such were its terms, we need not enquire.

Conceding that in case of a deed as in that of a will, the fact, though not appearing in the deed, that the person in whose favor the limitation over is made after a grant to one and his heirs, would himself be heir to the first grantee, would operate to restrain the import of the words by which the first estate is granted, and by showing

LEE
vs
LEE et al.

ard, the first taker: (*Fearne on Rem.* 373, 467.)

In wills, if the person to whom a limitation over after, or if the first devisee should die without heirs, be himself capable of being heir, then the word

"heirs" must be understood as meaning "heirs of the body," and the first devisee takes an estate tail: (*Fearne on Rem.* 467) which by our statute is made a fee simple: (1 *St. Law,* 442,) and the limitation void.

that it was not a fee, avoid the rule which prevents an effectual limitation after a fee, it by no means follows and has not been proved that in this case the first estate is to be reduced to a life estate, or that the word "heirs," used in creating the first estate or in describing the contingency on which the second is to take effect, should be taken as synonimous with "children." On the contrary, it is well settled even in the case of wills, that if the person to whom a limitation over after, or if the first devisee should die without heirs, be himself capable of being heir to the first devisee, the word heirs thus used must be understood as meaning "heirs of the body," and that the first devisee takes an estate tail: (*Fearne on Remainders,* 467,) which by our law is made a pure and simple fee, (*Stat of* 1796, *Sec.* 10, *Stat. Law,* 442,) and the limitation of the subsequent estate by deed, is in this view also void.

The instructions given by the Circuit Court were conformable with this view of the law, and there being no contest upon the facts of the case, the judgment is affirmed.

*Harlan and Shuck* for appellant; *W. B. Booker* for appellees.