CASE 5—PETITION ORDINARY—FEBRUARY 23.

# Ratliffe, &c., v. Marrs, &c.

APPEAL FROM PIKE CIRCUIT COURT.

1. CONSTRUCTION OF DEEDS.—The *habendum* of a deed yields to the granting clause where there is a clear repugnance between the nature of the estate granted and that limited in the *habendum*.

By the granting clause of a deed, executed prior to the Revised Statutes, land was conveyed to William, *habendum:* "To have and to hold said tracts of land with their emblements to said William aforesaid during his natural life, and after that to his heirs forever." *Held*—That William took the fee, and not merely a life estate with remainder to his children.

2. SAME.—A deed executed prior to the adoption of the statute providing that if an estate be given by deed or will to any person for life, and after his death to his heirs, the same shall be construed to be an estate for life only in such person, and remainder in fee-simple to his heirs, must be construed without reference to the statute. (Revised Statutes, chapter 80, section 10; General Statutes, chapter 63, article 1, section 10.)

## STATEMENT OF FACTS.

The deed construed in this case is as follows: "This indenture made and entered into this 16th day of September, A. D. 1848, between William Ratliffe, Sr., and Martha Ratliffe, his wife, of the county of Pike, and State of Kentucky, of the first part, and William Ratliffe, son of said Wm., Sr., and wife, of the same county and State, of the other part, witnesseth: That the said Wm. Ratliffe, Sr., hath bargained and sold and doth hereby convey unto Wm. Ratliffe two certain tracts of land." (Here follows description of land.) "To have and to hold said tracts of land, with their emblements, to said William aforesaid during his natural life, and after that to his heirs forever, free from the claim of said William, Sr., or any person claiming under, by or through him, but from no other title, claim or interest whatever."

C. M. PARSONS, W. M. CONNALLY, STEWART & STEWART, THOMAS H. HINES FOR APPELLANTS.

1. A deed made in 1848 by R., Sr., to R., Jr., the granting clause of which does not define the estate conveyed, but the *habendum* of which is in the following words: "To have and to hold said tracts of land to said R., Jr., during his natural life, and after that to his heirs forever, free from the claim of said R., Sr., or any person claiming under him,

but from no other title, claim or 'interest whatever," conveys to R., Jr., a life estate only. (Henderson v. Mack, 82 Ky., 379; Brown v. Terrell, 83 Ky., 418; Carson v. McCaslin, 60 Ind., 335; Prior v. Quackenbush, 29 Ind., 475; Riggin v. Love, 72 Ill., 554; Turman v. White, 14 B. M., 569; Foster v. Shreve, 6 Bush, 522.)

2. The rule in Shelly's case: "If a freehold or an estate for life be conveyed to a man, and by the same conveyance an estate is limited to his heirs or the heirs of his body, he will be vested with the fee or inheritance, and his heirs will take by descent, and not by purchase," was never in force or applied in this State.   (Turman v. White, 14 B. M., 572-3.)

3. Section 10, article 1, chapter 63, page 826, of General Statutes, simply declares what the law has always been in Kentucky, and in construing a conveyance made either prior to or subsequent to the adoption of this statute the rule of construction is the same.

4. The office of the *habendum* clause of a deed is to define the estate conveyed, and when the granting clause conveys an estate in general terms the estate that passes is that set out in the *habendum*.   (Riggin v. Love, 72 Ill., 554.)

R. T. BURNS and JAMES M. YORK for appellees.

The granting clause of a deed and the *habendum* being in conflict, the granting clause controls.   (Henderson v. Mack, 82 Ky., 379.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellants instituted this action in the Pike Circuit Court against appellees, to recover the possession of a tract of land which they claimed the appellees wrongfully withheld from them.

The appellants are the heirs of Wm. Ratliffe, Jr., deceased. They base their claim to the land in controversy upon a deed made by Wm. Ratliffe, Sr., to Wm. Ratliffe, Jr., in 1848, which deed, they contend, conveyed to Wm. Ratliffe, Jr., a life estate only in said land, with remainder to them in fee-simple. On the trial of the case in the lower court, that court held that under said deed Wm. Ratliffe, Jr., took an absolute title to the land, and, therefore, gave the jury a peremptory instruction to find for the appel-

lees. The jury having returned their verdict in accordance with the instruction, and the court having overruled the appellants' motion for a new trial, they have appealed to this court. If the construction put upon the deed by the lower court is correct, the case must be affirmed.

By the granting clause of the deed, the land, in consideration of five hundred dollars paid by Wm. Ratliffe, Jr,, was conveyed to him in fee-simple. No conditions, restrictions or limitations whatever are annexed to the conveyance in the granting clause. But the *habendum* apparently limits the estate to a life estate in the grantee, and then to his heirs generally.

In the premises of the deed there is no language used expressing an intention on the part of the grantor to limit the nature of the estate granted in the *habendum;* nor is there any language used in the *habendum* expressly limiting the nature of the estate granted in the granting clause.

It is a well-settled rule, that if there is " a clear repugnance between the nature of the estate granted and that limited in the *habendum,* the latter yields to the former; " for the reason that a granting clause, or its equivalent, is indispensable to convey title to real estate, whereas the *habendum* is not indispensable for any purpose whatever.

Thus, if an estate be granted to A in fee-simple, and in the *habendum* to him for life, and thereafter to his heirs generally, this restrictive clause is inoperative, because it contradicts and defeats the grant, unless it can be gathered from the whole instrument that the grantor intended that the restrictive clause in the

*habendum* should control the granting clause. There is nothing in the deed indicating that the grantor intended that the *habendum* should limit the estate granted to a life estate in the grantee. On the contrary, the deed, when considered as a whole, manifests an intention on the part of the grantor to convey, as is expressed in the granting clause, a fee-simple title to the lands; and the expression in the *habendum* apparently limiting the estate to a life estate in the grantee, was not so intended by the grantor; but he simply intended to emphasize the grantee's right to use and enjoy the estate.

The judgment of the lower court is affirmed.

———

To a petition for rehearing, Judge BENNETT delivered the following response of the court:

The case of Henderson, &c., v. Mack, 82 Ky., 379, is not in conflict, but in harmony with this case. In that case the *habendum* read as follows: "To have and to hold the same, with all the appurtenances thereon to the second party, his heirs and assigns forever, with covenant of general warranty during his natural life, and after his death to go to and belong absolutely to Belle Mack, she paying the unpaid purchase money as aforesaid." This court held in that case that as the *habendum* set forth the fact that Belle Mack had paid the unpaid purchase money for the land, and that in consideration thereof the remainder interest was expressly conveyed to her, it was manifest that the grantor intended the *habendum* to control the granting clause.

In the case of Brown v. Ferrell, &c., 83 Ky., 417, a deed made since the General Statutes went into effect was construed according to the provision of section 10, article 1, chapter 63, of said statutes. The deed in this case was made in 1848, at which time there was no statutory rule similar to that contained in said section and chapter. Therefore the deed under consideration must be construed without reference to said section and chapter. The construction placed upon it in the opinion we still adhere to.

The petition for a rehearing is overruled.