Atkins, &c. v. Baker.

---

CASE 104—ACTION TO RECOVER LAND.—MARCH 6.

# Atkins, &c. v. Baker.

APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

CONSTRUCTION OF DEED—ALL PARTS OF DEED CONSIDERED TOGETHER—ADDITION TO HABENDUM CLAUSE LIMITING ESTATE.

Held: In construing a deed, all parts of the instrument must be considered together, and therefore technical words in the granting and habendum clauses importing a fee must yield to a clause following the covenant of general warranty limiting the interest of the grantee to a life estate.

2. Under Kentucky Statutes, section 1707, the widow is entitled to a homestead in land of the husband occupied by him as such, subject to the right of his unmarried infant children to joint occupancy.

W. J. LISLE, ATTORNEY FOR APPELLANTS.

Lafe Atkins, a widower with some five children, married Lucy Baker, sister of appellee, who died without having had any children. Lafe Atkins then married Geneva Atkins by whom he had two children, both now infants. Lafe died leaving no estate except the twelve acres of land named in the petition, on which he lived and died. Appellee brought this suit against said Geneva and her two children and the other children of Lafe Atkins, claiming that said land belonged to him by the terms of the deed from Mattingly to Lucy Atkins, while Geneva Atkins claims that said land under said deed at the death of her husband belonged to him in fee simple and that she was entitled to a homestead, and remainder to all of Lafe's children. A demurrer was sustained to Geneva's answer and the land adjudged to belong to appellee. Hence this appeal by Geneva and the children.

The whole question depends on the construction to be given the deed from Mattingly to Lucy Atkins.

We think it clear from the entire deed that when Lucy died without leaving children the fee simple title passed to her husband Lafe Atkins.

There is a conflict in the deed between parts thereof. The first part does vest a fee simple title in Lucy, but this is immediately followed by the statement that at Lucy's request the conveyance is made to her for life, and at her death the land to go to her husband should he survive her, and if she, Lucy, left children they and their father to take according to the laws of descent.

The intention of the grantor as gathered from the entire deed must control. Henderson v. Mack, 82 Ky., 380; Mayo v. Sneed, 78 Ky., 634; Davis v. Hardin, 80 Ky., 672; Spurrier v. Parker, 16 B. Monroe, 280; Hugeley v. Harris, 1 R., 55; Barbour v. Watts, 2 Mar., 293.

Even the habendum clause in a deed must give way where the intention is apparent. Owensboro R. R. Co. v. Griffith, 92 Ky., 137; Ratliff v. Marrs, 87 Ky., 26; Bodine v. Arthur, 91 Ky., 63; Ballard v. L. & N. R. R. Co., 9 R., 523; Hemingley v. Harris, 1 R., 55; Henderson v. Mack before cited.

THOMPSON & SPAULDING AND W. R. BAKER, FOR APPELLEE.

This case turns upon the construction of a deed made by David Mattingly to Lucy Atkins giving her a fee simple title to the land therein described. After the granting clause, habendum, covenant of warranty and date of deed, an addition was

made which simply recited a request of the grantee as follows: "This conveyance at the request of said Lucy Atkins is made to her for and during her life, and at her death to go to her husband should he survive her, and in the event said Lucy should leave a child or children then the land shall descend to them and their father according to the laws of descent."

She died childless.   Her husband married again and died leaving children by his first and third wife. W. H. Baker, the only brother and heir at law of Lucy Atkins brought this suit claiming the land under said deed:

. *First.* The last clause in the deed is repugnant to the premises and granting clause, and is for that reason void. Ratliff v. Marrs, 87 Ky., 26.

*Second.* There is no grant in the addendum to the deed.  It is simply an expression of a desire how she would like for the land in certain contingencies to go.

*Third.* The name of L. E. Atkins, her husband, does not appear in the granting part of the deed, nor in the habendum. Chenault v. Chenault, 22 R., 122.

*Fourth.* Lucy Atkins could not have given to L. E. Atkins any interest in addition to his homestead rights as husband, unless she had made a deed separate and apart from her husband or made a will. She did neither.

*Fifth.* A married woman can not make a deed in the presence of her husband, and the presumption is that her husband was present when this request was made of the grantor. Sec. 507 Kentucky Statutes; Lee v. Lee, 7 B. M., 606; Fearne on Remainders, 373; Henderson v. Mack, 82 Ky., 379; Ball, &c. v. Hancock's Admr., &c., 82 Ky., 114; Clay v. Chenault, Jr., 21 R., 1499; Dembitz, vol. 1, p. 133; Kentucky Statutes, sec. 2342.

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING.

L. E. Atkins was a widower with five children at the time he married Lucy Baker.  Subsequent to their marriage Lucy Baker Atkins purchased a tract of land for $400, and died childless.  L. E. Atkins then married appellant, Geneva Atkins.  Appellee, Baker, brought suit for the land, claiming it as the only brother and heir-at-law of Lucy Baker Atkins.  Geneva Atkins defended, claiming a homestead in the property. The sole question is the construction of the deed. The deed is between David Mattingly and wife,

of the first part, and Lucy Atkins, wife of L. E. Atkins, of the second part, and, after reciting the consideration, proceeds: "The parties of the first part have sold, and do hereby convey, unto the party of the second part, the following tract of land [describing it]; to have and to hold unto said Lucy Atkins forever, with covenant of general warranty. In testimony whereof, witness our signatures this 22d day of July, 1892. This conveyance, at the request of said Lucy Atkins, is made to her for and during her life, and at her death to go to her husband, L. E. Atkins, should he survive her; and, in the event said Lucy Atkins should leave a child or children, then this land shall descend to them and their father according to the laws of descent." (The signatures and the clerk's certificate follow.) For appellee it is claimed that the words of grant and the habendum clause convey what, under the statute (section 2342, Kentucky Statutes), is an absolute fee, and that the condition imposing a limitation upon the estate conveyed to Lucy Atkins is clearly repugnant to both the granting clause and the habendum of the deed, and therefore void under the common-law rule that "a fee can not, at common law, be limited to a fee, as, if lands are limited to one and his heirs, and, if he dies without heirs, then to another, this last limitation is void." Fearne, Rem., 373. The case of Lee v. Lee, 7 B. Mon., 605, is relied on, which presents the exact case supposed in the quotation from Fearne, and was decided in accordance with that doctrine. Ball v. Hancock's Admr., 82 Ky., 107 (5 R., 883) is also relied on. In that case the deed under consideration not only recited a previous promise to convey the property to the grantee, but gave her the absolute disposition of the property by deed or will, at her pleasure, and it was held to pass a fee. In Ratcliffe v. Marrs, 87 Ky., 27 (10 R., 134) (7 S. W.,

395), 8 S. W., 876, the rule laid down in Turman v. White's Heirs, 14 B. Mon., 572, as to the application of the rule in Shelley's Case in this State, was disregarded, and a deed to William, "to have and to hold said tracts of land, with their emblements, to said William aforesaid, during his natural life, and after that to his heirs, forever," executed before the adoption of section 10, art. 1, c. 63, Gen. St., was held to pass a fee simple to William. The first rule of construction is to reconcile all parts of the document. Spurrier's Heirs v. Parker, 16 B. Mon., 274. A construction which creates a repugnancy must be rejected. Adie v. Cornwell, 3 T. B. Mon., 276. It is a well-recognized rule that that construction will be favored which avoids a repugnance in the terms of the instrument construed. The statute relied on provides: "Unless a different purpose appear by express words or necessary inference, every estate in land created by deed or will without words of inheritance shall be deemed a fee simple, or such other estate as the grantor or testator had power to dispose of." Where must such different purpose appear? It must appear in the terms of the instrument under consideration. And so, in Henderson v. Mack, 82 Ky., 380, 381 (6 R., 313) we find a deed in which it is recited in the granting clause that the grantors "do hereby sell, grant, and convey to the party of the second part, his heirs and assigns, the following described property . . . to have and to hold the same, with all the appurtenances thereon, to the second party, his heirs and assigns, forever, with covenant of general warranty, during his natural life, and after his death to go to and belong absolutely to Belle Mack, she paying the unpaid purchase money, as aforesaid." It was held, in an opinion by Judge Holt, that: "The proper end of all rules

of construction is to effect the intention of the parties to the instrument; and the intention of the grantor in a deed is to govern, where it can be ascertained, equally as in the case of other instruments. In arriving at it the entire paper must be considered. Blackstone says that the construction must 'be made upon the entire deed, and not merely upon disjointed parts of it.' If clauses are repugnant to each other, they must be reconciled if possible; and the intent, and not the words, is the principal thing to be regarded. The technical rules of construction are not to be resorted to when the meaning of the party is plain and obvious. Noyes v. Nichols, 28 Vt., 159. In Jackson v. Myers, 3 Johns., 383, 3 Am. Dec., 504, Kent, C. J., states the rule in these words: 'The intent, when apparent, and not repugnant to any rule of law, will control technical terms; for the intent, and not the words, is the essence of every agreement. In the exposition of deeds the construction must be upon the view and comparison of the whole instrument, and with an endeavor to give every part of it meaning and effect." Applying these rules of construction to the deed in question, we can not escape the conclusion that it was intended by it to create but a life estate in James E. Young, with a remainder right in Belle Mack." We regard this case as conclusive of the case at bar. There is an addition in each of the cases to the habendum clause, and in both cases this addition comes after the covenant of general warranty. But in the Henderson Case it was held that the technical words importing a fee, and used both in the granting and habendum clauses, must yield to the manifest intent as expressed by the addition to the habendum clause. We are of opinion, therefore, that the deed conveyed a life estate to Lucy Atkins, with remainder to her husband in fee, subject to be divested by Lucy leaving a surviving child or children.

From this it must follow that the widow is entitled to a homestead, subject to the right of the unmarried infant children of the husband to joint occupancy, under section 1707, Kentucky Statutes.

For the reasons given, the judgment is reversed, and cause remanded, with directions to overrule the demurrer to the answers and sustain the demurrer to the petition.

Petition for rehearing by appellee overruled.