## Dinger v. Lucken, et al.

(Decided May 30, 1911.)

### Appeal from Campbell Circuit Court.

Deed—Life Estate—Reversion—Under a deed by which the property is conveyed to the grantee her heirs and assigns forever, and this is followed by a stipulation that the grantee is only to hold the land for life, and that at her death it is to revert to the grantor's children, the grantee takes only a life estate, as the court will look to the whole instrument in determining its meaning.

WM. U. WARREN for appellant.

FRANK V. BENTON for appellee.

LEVI, S. SHEPLER of Counsel, Guardian ad litem.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

In November, 1885, and just before they were married, August Dinger executed to Mary Schafer the following deed:

"Know all men by these presents that August Dinger, of Newport, Campbell County, Kentucky, for and in consideration of two thousand ($2,000) dollars to him paid by Mary Schafer, of the same city, county and State, the receipt whereof is hereby acknowledged, does hereby bargain, sell and convey to the said Mary Schafer, her heirs and assigns forever, the following described real estate, to-wit (Here follows description): And it is distinctly understood that this conveyance is to be for the natural lifetime of the grantee for her use and benefit free from the control of any person or any husband, and after the death of the grantee herein the property hereby conveyed shall revert and the title shall vest in the children and heirs of the grantor, August Dinger, in fee. Together with all the privileges and appurtenances to the same belonging. To have and to hold the same to the said Mary Schafer, herself, the grantor for himself his heirs, executors and administrators hereby covenanting with the grantee that the title so conveyed is clear, free and unencumbered and that he will warrant and defend the same against all legal claims whatsoever."

At the time of the execution of the deed he had been married before and had children by his former wife. He was considerably older than his second wife, and has since died. She survives him and claims that under the deed she takes the property in fee; while his children claim that she only takes under it a life estate. The circuit court adjudged in favor of the children and she appeals.

It is insisted that under the first clause of the deed, the property is conveyed to her, her heirs and assigns forever, thus vesting in her a fee simple, and that the subsequent part of the deed being inconsistent with the fee, is void, under the rule that where two parts of a deed are inconsistent, the former controls. A number of decisions in other States are relied on, also the following cases decided in this court: Ball v. Hancock, 82 Ky., 107; Ratliff v. Marrs, 87 Ky. 28; Humphrey v. Potter, 24 R., 1264.

The rule is that where by a deed a fee is granted, and the deed as a whole shows an intention to vest the grantee with a fee, an attempted limitation upon the fee will

be disregarded. But in all cases the effect of the deed turns upon its proper construction when read as a whole; and if upon the whole instrument it appears that the grantor's intention was to vest a less estate than a fee in the grantee, that intention will be carried into effect; for deeds like other instruments must be construed according to the intention of the parties where that intention is sufficiently expressed in the instrument. In the case at bar, while by the first clause of the deed, the grantor conveys the property to Mary Schafer, her heirs and assigns forever, this is immediately followed by a statement that this conveyance is to be for her natural lifetime, and that the property after her death shall revert to the children of the grantor. The two clauses of the deed are to be read together in ascertaining the grantor's intention; and upon the whole instrument, the estate granted was only intended to be a life estate. To give the instrument a greater application would be to defeat the plainly expressed intention of the grantor. This can not be done. (Henderson v. Mack, 82 Ky., 379; Funkhouser v. Porter, 32 R., 676; Crews v. Glasscock, 32 R., 913; Williams v. Grimm, 112 S. W., 839; Hamilton v. Sidwell, 131 Ky., 428.

Judgment affirmed.