## Wilson, et al. v. Moore.

(Decided February 8, 1912.)

### Appeal from Owsley Circuit Court.

Deeds—Life Estate—Remainder—Construction.—Under a deed by which the property is conveyed to certain trustees "in trust for the said Easter Rose and the heirs of her body," followed by a warranty of title to the trustees "in trust for the said Easter Rose and the heirs of her body forever," subject to the condition that in the event she marries or arrives at age, "she is to have the uninterrupted possession of said property during her natural life, and then to descend to the heirs of her body forever, and should she depart this life without issue, all of the said property to revert back to her surviving brothers and sisters," Easter Rose takes only a life estate; the rule being that the court will look to the whole instrument to determine its meaning.

E. E. HOGG for appellants.

GOURLEY, REDWINE & GOURLEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY—COMMISSIONER—Reversing.

Appellants, America Wilson and others, who are the only children of Easter Wilson, formerly Easter Rose, and Samuel Wilson and others who are the only children of Ezekiel Wilson, a deceased son of Easter Wilson,

brought this action against appellee, H. C. Moore, to recover two tracts of land situated in Owsley county, Kentucky. It appears from the petition that their mother and father conveyed the land to appellee. Their mother, Easter Wilson, died in the spring of 1908. They base their right to recover on the fact that under the deed hereinafter set out their mother took only a life estate in the property in controversy, and that on her death it descended to them as remaindermen. A demurrer was sustained to the petition, and the petition dismissed. From that judgment this appeal is prosecuted.

The controversy depends on the proper construction of the deed, which omitting the description of a portion of the lands, is as follows:

"This indenture made and entered into this 11th day of January in the year of our Lord 1845, by and between Robert Rose and Easter Rose, his wife, of the county of Owsley and State of Kentucky, of the one part and James R. Rose, Robert W. Rose and Gideon Chambers (in trust for Easter Rose, an infant under the age of twenty-one years) of the other part:

"Witnesseth: That the said Robert Rose and wife for and in consideration of the natural love and affection they bear towards their daughter, the said Easter Rose, and for the further consideration of one dollar to them in hand paid, the receipt whereof is hereby acknowledged, hath granted, bargained and sold and by these presents doth grant, bargain and sell unto the said parties of the second part in trust for the said Easter Rose and the heirs of her body, the following tract or body of land, to-wit: (Here follows description of one tract).

Also all the land held by Robert Rose on the left hand fork of Meadow Creek, to-wit: On the Wolf pen fork and road fork of said fork. The said Robert Rose and wife also hereby convey to the said parties of the second part in trust for the said Easter Rose one hundred and thirty-five dollars worth of personal property to come out of the estate of Robert Rose, which together with the lands herein named, is hereby conveyed to said trustees in trust for the said Easter Rose as her full share and portion of the estate, both real and personal, of the said Robert Rose, and the said Robert Rose and Easter Rose, his wife, doth hereby warrant and will forever defend the title to said property to the said

James R. Rose, Robert W. Rose and Gideon Chambers in trust for the said Easter Rose and the heirs of her body forever, subject however, to the following conditions, to-wit: The said Robert Rose hereby reserves the right and possession of the said $135 worth of personal property until the said Easter Rose shall arrive at the age of twenty-one years, if he should live so long, but if he should die before that time, then the said trustees are to have the said amount of $135 worth of personal property out of said estate, until she arrives at the age of twenty-one years, or marries, and when either of the events happens, she is to have the uninterrupted possession of said property for and during her natural life, and then to descend to the heirs of her body forever, and should she depart this life without issue, all of the said property to revert back to her surviving brothers and sisters.

"In testimony whereof, the said Robert Rose and Easter, his wife, hath hereunto set their hands, affixed their seals the day and year aforesaid."

Counsel for appellee contend that the judgment below was proper under the rule laid down in Ratliffs, etc., v. Marrs, etc., 87 Ky. 26, where it was held that if there is a clear repugnance between the nature of the estate granted and that limited in the habendum, the latter yields to the former. While this case has never been overruled, the tendency of the more recent opinions has been to relax the strictness of the technical rule of construction therein announced, and to construe a deed according to the intention of the grantor as gathered from the whole instrument. Thus in Dinger v. Lucken, et al., 143 Ky., 850, this court said:

"The rule is that where by a deed a fee is granted, and the deed as a whole shows an intention to vest the grantee with a fee, an attempted limitation upon the fee will be disregarded. But in all cases, the effect of the deed turns on its proper construction when read as a whole; and if upon the whole instrument, it appears that the grantor's intention was to vest a less estate than a fee in the grantee, that intention will be carried into effect; for deeds, like other instruments, must be construed according to the intention of the parties where that intention is sufficiently expressed in the instrument."

And in Atkins v. Baker, 112 Ky. 877, the court held that in construing a deed, all parts of the instrument

must be considered together, and therefore, technical words in the granting or habendum clauses importing a fee, must yield to a clause following the covenant of general warranty limiting the interest of the grantee to a life estate.

And in Lawson, etc., v. Todd, etc., 129 Ky. 133, the court said:

"And so, when the intention as manifested in the language is to convey a life estate with remainder over, there has been no disposition to defeat by construction the purpose of the grantor."

In our opinion these rules of construction are conclusive of this case. The conditions imposed in the deed apply to "said property" and to "all of the said property," and necessarily apply to the real estate. Had the grantor simply conveyed the land to the trustees "in trust for the said Easter Rose and the heirs of her body forever," this would have created an estate tail at common law, which by our statute would have been converted into a fee; but he did not stop there. On the contrary, he made it plain what estate he desired the heirs of her body to have, by providing that in the event she married or became of legal age, she should have the uninterrupted possession of the property "during her natural life and then to descend to the heirs of her body forever," and to further show that he did not intend to convey the absolute fee to her, he further provides that "should she depart this life without issue, all of the said property to revert back to her surviving brothers and sisters." The purpose of the grantor is plain. By the conveyance he intended to provide not only for his daughter, but for his daughter's children in case she had any. In order to provide for her children, he gave her only a life estate, thus making it impossible for her to defeat his intention by disposing of the property.

Judgment reversed and cause remanded with direction to overrule the demurrer to the petition.