## Harkness, et al. v. Meade, et al.

(Decided May 28, 1912.)

### Appeal from Pike Circuit Court.

Deeds—Construction.—In construing a deed, it will be read as a whole and if, upon a consideration of the whole instrument, it appears that the grantor's intention was to vest a less estate than a fee in the grantee, that intention will be carried into effect.

STRATTON & STEPHENSON and M. W. MAYNARD for appellants.

ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This appeal involves the construction of the following deed:

"This deed of conveyance made and entered into this (24th day) twenty-fourth day of April, 1879, between Zacriah Walters and Margaret Walters part of the first part and Luvena Harkens, and her heirs, Grant Harkens and Unice Harkens, part of the second part, witnesseth: That said part of the first part, for and in consideration of the sum of $25, in hand paid by Note for Love and affection I have for her Luvena Harkins that is her children, do hereby sell and convey to the part of the second part, her heirs and assigns, the following described property, to-wit: (Here follows description of the property).

"To have and to hold the same, together with all the appurtenances thereunto belonging unto the part of the second part her heirs and assigns forever, and the said part of the first part hereby covenants with the said part of the second part, that they will warrant the title to the property hereby conveyed unto the said part of the second part and her heirs and assigns forever.

"A lien is retained upon the property hereby conveyed as security for the payment of the said unpaid purchase money. Twenty-five dollars ($25).

"This conveyance is to Grant Harkness and Eunice Harkness their lifetime after their death to go to their children.

"In testimony whereof, the party of the first part have hereunto subscribed their name the day and year aforesaid.

"This deed shall not take effect until the death of grantors."

The question arises in the following manner: Minnie Harkness is the widow of Grant Harkness, who died May 1, 1910, leaving surviving him seven children, to-wit: Ida, Willie, Bert and Jennie Harkness, and Rebecca Spears, Draxie Compton and Dixie Pigman. Minnie Harkness acquired by deed the interests of Rebecca Spears, Draxie Compton and Dixie Pigman in the land in question. Suing in her own right, and as next friend of the infants, Ida, Willie, Bert and Jennie Harkness, she brought this action against Eunice Meade (formerly Eunice Harkness), and George Meade, her husband, and I. N. Porter, a purchaser from Eunice Meade and her husband, for a division and partition of the land covered by the deed. The defendants interposed a demurrer to the petition and to the petition as amended. The demurrers were sustained and the petition dismissed. From that judgment plaintiffs appeal.

For appellees, it is insisted that inasmuch as the addition to the habendum clause provided "this conveyance is to Grant Harkens and Eunice Harkens for their lifetime after their death to go to their children" is in conflict not only with the caption, but with the granting and habendum clauses, the latter clause should be held to be inoperative.

In the recent case of Wilson, et al. v. Moore, 146 Ky., 679, an action involving the construction of a deed, the court said:

"Counsel for appellee contend that the judgment below was proper under the rule laid down in Ratliffs, Etc. v. Marrs, Etc., 87 Ky., 26, where it was held that if there is a clear repugnance between the nature of the estate granted and that limited in the habendum, the latter yields to the former. While this case has never been overruled, the tendency of the more recent opinions has been to relax the strictness of the technical rule of construction therein announced, and to construe a deed according to the intention of the grantor as gathered from the whole instrument. Thus in Dinger v. Lucken, et al., 143 Ky., 850, this court said:

"'The rule is that where by a deed a fee is granted, and the deed as a whole shows an intention to vest the grantee with a fee, an attempted limitation upon the fee will be disregarded. But in all cases, the effect of the deed turns on its proper construction when read as a whole;

and if upon the whole instrument, it appears that the grantor's intention was to vest a less estate than a fee in the grantee, that intention will be carried into effect; for deeds, like other instruments, must be construed according to the intention of the parties, where that intention is sufficiently expressed in the instrument.'

"And in Atkins v. Baker, 112 Ky., 877, the court held that in construing a deed, all parts of the instrument must be considered together, and, therefore, technical words in the granting or habendum clauses importing a fee, must yield to a clause following the covenant of general warranty limiting the interest of the grantee to a life estate.

"And in Lawson, Etc. v. Todd, Etc., 129 Ky., 133, the court said:

"'And so, when the intention as manifested in the language is to convey a life estate with remainder over, there has been no disposition to defeat by construction the purpose of the grantor.'"

Since the parties of the second part in the caption are Luvena Harkness, and her heirs, Grant Harkness and Eunice Harkness, the latter being children of Luvena Harkness, it is manifest that the party of the second part is not Luvena Harkness and her heirs generally, but that the word "heirs" is used in the place of "children," and of the two particular children mentioned in the caption. The granting clause is "to the part of the second part, her heirs and assigns." The habendum is "unto the part of the second part, her heirs and assigns forever." Strictly construed, neither the granting clause nor the habendum conveys any estate to Grant and Eunice Harkness. That it was the intention of the grantors to vest them with some interest in the land in question is made manifest by the caption, and the addition to the habendum. As the other parts of the deed do not show the character of the estate granted, resort must be had to that part of the deed which does show what interest the grantors intended Grant and Eunice Harkness to take in the property. This is conclusively shown by the clause "this conveyance is to Grant Harkens and Eunice Harkens for their life time. after their death to go to their children." We, therefore conclude that by the deed in question Eunice Harkness and Grant Harkness took only a life estate, with remainder to their children. To hold otherwise would be in disregard to the plain intention of the grantors,

It follows that plaintiffs are owners of an undivided one-half interest in the property, and are entitled to a partition of the property if it can be divided without materially impairing its value; if this cannot be done, they are entitled to have the property sold, and to be paid one-half the proceeds of the sale.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the petition as amended.