## Todds' Guardian, et al. v. Todd's Administrators, et al.

(Decided October 9, 1913).

### Appeal from Owen Circuit Court.

Wills—Intention of Testator to Control—Rules of Construction Not to Defeat the Intention.—When the intention can be arrived at, a rule of construction that will defeat it should not be applied. Rules of construction are not resorted to in ascertaining the intention of the testator, but rather to effectuate according to settled principles the intention when it is determined what it was, and no rule of construction will be allowed to defeat the express or plain intention of the testator.

W. A. LEE for appellants.

TOMLIN & VEST, BOTTS & PERRY and VALLANDINGHAM & ALEXANDER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

J. S. Todd died in 1904 after having first made the following will, which was duly probated:

"I, J. S. Todd, being of sound mind and able bodied enough to write, do will and bequeath to my dearly beloved wife, Sophia J. Todd, all of my personal property and household goods to have and to hold. The real estate I will jointly to my wife, S. J. Todd and my dearly beloved son, O. K. Todd, after my just debts are paid. The farm to be run mutually. My wife, S. J. Todd, is to have a maintenance out of the proceeds of the farm, if it requires one-half of it.

"Power is hereby given to my wife, S. J. Todd, and son, O. K. Todd, to sell or convey all or any part of the real estate if they mutually agree so to do, and the proceeds, if re-invested, to be subject to the conditions of the will.

"Should O. K. Todd die before my wife, S. J. Todd, the lands revert back to S. J. Todd as guardian for the bodily heirs of O. K. Todd.

"At the death of my wife, S. J. Todd, the property is to go to O. K. Todd.

"I hope this will and desire of mine will be carried out without them having to give bond.

"If S. J. Todd and O. K. Todd should both die before the bodily heirs of O. K. Todd become of age, the

court is requested to appoint a guardian and require him to give a gilt edge bond.

"The only regret I have is that I have not ten times as much to leave as I have. It would be a feeble way to show the appreciation of their devoted love they have shown to and given me.

"I appoint S. J. Todd and O. K. Todd as the executor of my will."

In 1912 O. K. Todd died intestate, leaving as his only heirs at law his two children, Fred and Mary Todd. The question for decision is, did Mrs. S. J. Todd and O. K. Todd take the fee or only a life estate, with remainder to the children of O. K. Todd, in the estate devised to them by the will? The lower court held that they took the fee, and the children of O. K. Todd appeal.

The will, which was evidently written by the testator himself, leaves in some doubt his intention as to the character of the estate he desired his wife and son to take, but after carefully considering the entire instrument, we have reached the conclusion that his purpose although rather awkwardly expressed was to give his wife and son each a life estate and not the fee. It is very true that the estate is devised jointly to the wife and son, with power in them to sell and convey all or any part of it, and this investment of the title, together with the power of disposition, are the features of the will that influenced the lower court to rule that they took the fee, the ruling being based on the case of Clay v. Chenault, 108 Ky., 77, which has been many times followed. In that case it was said:

"It seems to us that the decided weight of authority, if indeed there be any to the contrary, is to the effect that a will or deed giving to the vendee or devisee full power to sell and convey, passes the absolute fee, and that any (subsequent, contrary) provision or devise is absolutely void, for the reason that it is inconsistent with or repugnant to the fee, and it is wholly immaterial whether the power to sell or dispose of the property shall have been exercised or not."

But this general rule of construction is subject to be defeated if the will as a whole manifests the intention of the testator that the devisees should take less than the fee. It will be noticed that the testator in the first and second paragraphs devised the estate jointly to his wife and son, to be managed mutually by them, his wife to have a support, although it might take one-half of the

proceeds, and in the third paragraph conferred power on his wife and son to sell this property if they mutually agreed to do so, but the proceeds, if re-invested, were to be subject to the conditions of the will. In subsequent clauses he provided that if his son should die before his wife the land should be held by his wife as guardian for the children of his son, and that if his wife died first the property should go to O. K. Todd. It further provided that if both his son and his wife should die before the children of his son became of age, the court should appoint a guardian and require him to give a good bond.

It seems to us that these provisions, which state the substance of the will, show that the testator's dominant purpose was to provide for his wife, and then his son, and next the children of his son. If he had intended that his wife and son should take the fee, there was no reason why he should have said anything about how the proceeds should be re-invested if they agreed to sell the property, or have directed that if his son died before his wife the land should be held by his wife as guardian for the children of his son, or have directed that at the death of his wife the property should go to his son, or have provided that if his wife and son both died before the children of the son became of age the court should appoint a guardian for the children and require him to give good security.

These expressions persuade us that the testator had in mind that his wife and son should own and manage the estate during their joint lives, but that when they died the estate should go to the children of O. K. Todd, for whom the testator evidently intended to make provision, as in two separate clauses he indicates that they are to have an interest in his estate.

To hold that the wife and son took the fee would be to ignore the express directions concerning the disposition of the estate in the event of the death of his wife or his son and both of them. It cannot be reasonably maintained that these directions do not mean anything or that they should not be considered in arriving at the intention of the testator or that they should be completely overthrown by the language devising the estate to his wife and son with the power of disposition. That the testator did not intend to invest either with the fee is further indicated by the provision that the land should not be sold unless both the devisees agreed to the sale.

In view of the several expressions in the will show-ing, as we think, that the testator did not intend to give the fee to his wife and son, the rule of construction an-nounced in Clay v. Chenault should not control in oppo-sition to the intention of the testator as gathered from an inspection of the will as a whole. When the intention can be arrived at, a rule of construction that will defeat it should not be applied.. Rules of construction are not resorted to in ascertaining the intention of the testator but rather to effectuate according to settled principles the intention when it is determined what it was. Thus it was said in Thackston v. Watson, 84 Ky., 206:

"The construction of a will or any of its provisions must be controlled by the intention of the party making it, and when that intention is ascertained from the whole instrument, it should be adopted, and no rule of con-struction will be allowed to defeat the express or plain intention of the testator. General rules of construction will be followed when not inconsistent with the manifest intention of the testator. * * * It is at last the in-tention of the testator the court must look to in constru-ing wills, and when that intention is ascertained, the general rules of construction are to be applied." See to the same effect Page on Wills, section 461, and Citi-zens Trust Co. v. Fidelity Trust Co., 136 Ky., 540.

Being of the opinion that the wife and son took a life estate and not the fee, the judgment of the lower court is reversed for proceedings in conformity with this opinion.