## WOODWARD et al. v. THISSELL et al.

(Circuit Court of Appeals, Sixth Circuit. December 16, 1914.)

### No. 2504.

1. DEEDS (§ 129*)—CONSTRUCTION—ESTATES CREATED—LIFE ESTATES.

Under Ky. St. § 2342, providing that unless a different purpose appears by express words or necessary inference, every estate in land created by deed or will without words of inheritance shall be deemed a fee simple or such other estate as the grantor or testator has power to dispose of, a deed from an unmarried woman to her unmarried brother, containing no words of inheritance and no habendum clause, and containing a recital that in consideration of the reduced price paid the brother wished the land to revert to his sister at his death, when construed in the light of the attending circumstances and the relation of the parties, passed only a life estate, as this was apparently the intention of the parties, and while the deed was not signed by the brother, he by accepting it became bound by its provisions.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 351, 360–365, 416–430, 434, 435; Dec. Dig. § 129.*]

2. DEEDS (§ 90*)—CONSTRUCTION—RULES OF CONSTRUCTION.

In Kentucky the controlling rule in construing a deed is that the intent is to be ultimately determined upon a consideration of the whole deed and with the endeavor to give every part of it meaning and effect, and while the rules that a conveyance in fee is not to be overthrown by a subsequent proviso, and that a deed is to be construed strongly against the grantor are recognized, they are merely aids to the application of the controlling rule mentioned.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 234–237, 247, 248; Dec. Dig. § 90.*]

3. DEEDS (§ 90*)—CONSTRUCTION—RULES OF CONSTRUCTION.

Where a deed was apparently inartificially drawn, it was entitled to a liberal construction in determining the intent of the parties.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 234–237, 247, 248; Dec. Dig. § 90.*]

In Error to the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

Action by Virginia C. Thissell and husband against Dorothy W. Crutchfield Woodward and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George Du Relle, of Louisville, Ky., for plaintiffs in error.
James Quarles, of Louisville, Ky., for defendants in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. [1] The defendant in error, Virginia Thissell, before her marriage conveyed to her brother, J. S. Crutchfield, also then unmarried, a tract of land in Kentucky for a stated consideration of $1,210. The granting clause of the deed is in these words: "And by these presents do grant, bargain, sell and convey to the party of the second part the following tract or parcel of land lying and situated," etc. The deed contained no words of inheritance and no habendum clause. Following the description of the premises and preceding the attestation was this clause: "In consideration of the reduced price paid for this land, J. S. Crutchfield wishes it to revert to his sister at his death." The sister referred to was the grantor. Upon the grantee's death, the grantor and her husband brought this action against the grantee's widow and children to recover the land described in the deed, upon the theory that it conveyed an estate for the life of the grantee only, with remainder to the grantor. The only question presented is whether the deed conveyed a fee or merely a life estate. The trial court held that a life estate only was conveyed, and rendered judgment for plaintiffs accordingly; hence this writ of error.

There can be no doubt that at common law, the deed would have passed a life estate only, from the lack of words of inheritance, to say nothing of the specific clause quoted; but section 2342 of the Kentucky Statutes provides that:

"Unless a different purpose appears by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of."

The controlling question thus is whether a purpose to create an estate other than a fee appears "by express words or necessary inference."

[2] Among the rules of construction recognized by the courts of Kentucky are that a conveyance in fee is not overthrown by a subsequent proviso,[1] and that a deed is to be construed strongly against the grantor. Kentucky D. M. & D. Co. v. Kentucky T. D. Co., 141 Ky. 97, 99, 132 S. W. 397, Ann. Cas. 1912C, 417. But these rules are merely aids to the application of the controlling rule that the intent is to be ultimately determined upon a consideration of the whole deed and with the endeavor to give every part of it meaning and effect.[2]

"When the intention can be arrived at, a rule of construction that

---

[1] See Ratliffe v. Marrs, 87 Ky. 26, 7 S. W. 395, 8 S. W. 876, 10 Ky. Law Rep. 134; Humphrey v. Potter, 70 S. W. 1062, 24 Ky. Law Rep. 1264; Barth v. Barth, 38 S. W. 511, 18 Ky. Law Rep. 840; Cox v. Anderson, 69 S. W. 953, 24 Ky. Law Rep. 721; Ray v. Speers, 65 S. W. 867, 23 Ky. Law Rep. 1338.

[2] Atkins v. Baker, 112 Ky. 877, 882, 66 S. W. 1023, 23 Ky. Law Rep. 2224; Dinger v. Lucken, 143 Ky. 850, 852, 137 S. W. 776; Wilson v. Moore, 146 Ky. 679, 681, 143 S. W. 431; Harkness v. Meade, 148 Ky. 565, 147 S. W. 10; Bain v. Tye, 160 Ky. 408, 411, 169 S. W. 843.

will defeat it should not be applied." Todd's Guardian v. Todd's Administrator, 155 Ky. 209, 212, 159 S. W. 702, 703. The deed before us contains no words of inheritance and no express language creating a fee; this fact distinguishes it from several of the cases relied upon by defendant, including Ratcliff v. Marrs, Humphrey v. Potter, and Ray v. Speers. The instant case is also readily distinguishable from Cox v. Anderson and Barth v. Barth. The important features presented here are: First, that the grantor and grantee were brother and sister; second, the grantee was unmarried; third, the parties agreed in the instrument that the conveyance was for less than the value of the land; fourth, the lack of express words of inheritance or of creation of a fee, and of a habendum clause; fifth, the deed expressly states the grantee's wish that it should, at his death, revert to the grantor.

We think the necessary inference from all these considerations (for the deed must be construed "in the light of attending circumstances and the relation of the parties to the contract")[3] is that both parties intended that merely a life estate should pass. Dinger v. Lucken, supra, and Harkness v. Meade, supra, are generally in point. True, the deed containing the clause relating to reversion is not signed by the grantee; but, by accepting the deed, he was as much bound as if he had signed it. It is also true that the deed states merely that the grantee "wishes it" to revert to his sister at his death; but the language used is, in our opinion, practically expressive of an intent that such should be the effect of the conveyance, and is substantially as persuasive of such intent as were the words employed in Atkins v. Baker, 112 Ky. 877,[4] 66 S. W. 1023, under which, in spite of the fact that the deed contained the clause "to have and to hold unto said Lucy Atkins, forever, with covenant of general warranty" it was held that the grantee took a life estate only with remainder in fee to her husband.

[3] The deed here in question was apparently inartificially drawn, and so is entitled to a liberal construction in determining the question of intent (Bain v. Tye, supra), although, in our opinion, we have applied no unusual liberality of construction in reaching the conclusion arrived at.

The judgment of the District Court is affirmed, with costs.

---

[3] American Nat'l Bk. v. Madison, 144 Ky. 152, 155, 137 S. W. 1076, 1077 (38 L. R. A. [N. S.] 597).

[4] The language referred to in the deed in Atkins v. Baker is: "This conveyance, at the request of said Lucy Atkins, is made to her for and during her life, and at her death to go to her husband," etc.