## Spicer, et al. v. Spicer, et al.

(Decided October 26, 1917.)

### Appeal from Shelby Circuit Court.

1. Deeds—Construction and Operation.—Although it is the general rule of construction that where a deed in apt terms gives unqualified power of disposition to the grantee named as taker of the title conveyed, the instrument will be held to pass an absolute fee, and that any remainder over will be void because repugnant to the fee; this rule will not be applied, however, if it is clearly apparent from the deed, as a whole, that tho grantor's intention was to vest a less estate than a fee in the grantee; and when the intention, as manifested by the language of the deed as a whole, is to convey a life estate with remainder over, the deed, notwithstanding the power of disposition conferred upon the grantee, will be so construed.

2. Deeds—Construction and Operation.—A deed, both the granting and habendum clauses of which contain the recitals, "in fee simple and with absolute title to said R. I. to sell and convey as he sees fit, but at the death of said R. I. (if not sold by said R. I. during his life), the same to become and be the property of said R. I.'s wife, N. I., during her life, and at her death to become the property of M. S., absolutely with power to sell and convey. . . . At the said M. S.'s death to become the property of M. S.'s children equally." Held: To convey to R. I. and wife a life estate each in the land described in the deed with power to the former to dispose of it by sale and deed; but if the land be not disposed of by him during his life, the title in that event will vest in M. S. for life, with like power of disposition; and if the land be not sold and conveyed by him during his life, the title at his death will vest in fee in his children equally.

3. Deeds—Construction and Operation.—Under the power of disposition conferred by the above deed M. S., who became life tenant of the land after the death of R. I. and N. I., may sell and by deed convey the land, notwithstanding the remainder over to his children; and the purchaser of the land from M. S. would not be bound to look to the reinvestment of the purchase money received from him by M. S. for the land.

W. T. BECKHAM for appellants.

E. B. BEARD for appellees.

Opinion of the Court by Chief Justice Settle—
Reversing.

This appeal brings to us for construction the follow-
ing deed:

"This indenture made and entered into this 23rd day
of February 1906, by and between Frank P. Hammonds
and Martha M. Hammond his wife of the county of
Shelby and state of Kentucky of the first part, and
Robert Innes of the county of Franklin and state of
Kentucky of the second part, as follows, to-wit:   In
fee simple and with absolute title to said Robert Innes
to sell and convey if he sees fit, but at the death of said
Robert Innes (if not sold by said Innes during his life)
the same to become and be the property of said Robert
Innes's present wife Nancy Innes during her life and
at her death to become the property of Milton Spicer
the adopted son of said Robert Innes and Nancy Innes
absolutely with power to sell and convey, provided that
said Milton Spicer shall live and conduct himself as a
natural child live with and care for said Robert Innes
and his adopted mother Nancy Innes be dutiful obe-
dient and take such interest in the conduct of the said
farm as if it were his property in fact and at his, the said
Milton Spicer's death to become the property of said
Milton Spicer's children equally.   The foregoing WIT-
NESSETH—That the said parties of the first part for
and in consideration of the sum of Three Thousand Five
Hundred dollars in the aggregate paid and to be paid
as follows to-wit—Twelve Hundred dollars cash in hand
paid the receipt of which is hereby acknowledged and the
sum of Eleven Hundred and Fifty dollars to be paid on
the first day of March 1907 and the further and last sum
of Eleven Hundred and Fifty Dollars to be paid on the
first day of March 1908 of which two sums of money the
party of the second part has this day executed his two
notes each bearing interest thereon at the rate of six
per centum from this date March 1st, 1906, until paid.
and if the interest on either note or either note be not
paid when due then the whole debt shall at once become
due payable and collectable and a lien is retained on
the land hereinafter conveyed to secure payment on said
notes in consideration of all of the above first parties
have sold and by these presents do grant bargain
sell and convey unto party of the second part his heirs
and assigns forever with covenant at general warranty

of title, a certain tract or parcel of land lying in the county of Shelby and state of Kentucky on the waters of Floyd Fork and thus bounded (boundary omitted) with the provision above recited to Nancy Innes wife of said Robert Innes during her natural life and at her death then the land herein conveyed is to go on conditions recited above to Milton Spicer absolutely with power to sell and convey and in case of his death to descend to his the said Milton Spicer's children equally. To have and to hold the above described granted land to second party forever with covenant of general warranty of title against the claims of any persons whomsoever, etc.''

Robert Innes, the first named grantee in the deed, died November 24, 1911, intestate, and his wife, Nancy Innes, May 1st, 1911, also intestate. Milton Spicer, referred to in the deed as the adopted son of Robert Innes and Nancy Innes, had been reared by them and together with his wife and the one child they then had, lived with them at the time of the execution of the deed in question and thereafter remained with them on the land conveyed by the deed until their deaths, respectively; two other children being born to Spicer and wife in the meantime. The Inneses never had any children of their own and it does not appear that Spicer failed in any respect to support and otherwise care for them after the execution of the deed, as required by its terms.

This action was brought by Spicer and his wife to obtain a construction of the deed in order that it might be judicially determined what interest he took in the land thereunder; it being his contention, as alleged in the petition, that Robert Innes and Nancy Innes each took a life estate under the deed in the land conveyed, with remainder in fee to him, Spicer, and that upon their deaths, respectively, he became the owner of the fee therein. It is alleged in the petition that he desires to sell the land in order to buy a larger farm, but finds some difficulty in procuring a purchaser willing to accept the title he offers to convey. The prayer of the petition asks that he be adjudged the owner in fee of the land, but in the event the court should determine that he has only a life estate therein, with remainder to his children, that the land be sold for reinvestment of the proceeds in other land in such manner as the court may direct. The three infant children of Spicer were made parties to the action and a guardian *ad litem* ap-

pointed for them, upon whom service of summons was duly had. The guardian *ad litem* filed an answer for the infant defendants, in which it was denied that Milton Spicer owns the fee in the land and alleged that under the terms of the deed he took only a life estate therein, with remainder to his three children, the infant defendants; the prayer of the answer asking that the court so adjudge.

Upon the submission of the case the court rendered judgment declaring that the deed from the Hammonds only conveyed Robert Innes a life estate in the land with power to sell and convey it; but that as he did not sell or convey it, by the terms of the deed, Milton Spicer, as remainderman, became, at the death of Innes, the owner of the land in fee simple, which would give him the right to sell and convey it by similar title to any purchaser thereof. This appeal, taken by the guardian *ad litem*, challenges the correctness of that judgment.

It is a well known rule that in construing a deed the intention of the parties, as it appear from the whole instrument, must control. If the intention appears, technical rules of construction cannot be applied, if they lead to a different result.

Although Robert Innes, the first named grantee in the deed before us, was not related by blood to the appellee, Milton Spicer, his affection for the latter as his adopted or foster son doubtless induced him to select him rather than his own blood kindred, as an object of his bounty; hence, in purchasing the land of the Hammonds and prescribing the terms of the deed by which it was conveyed, he manifested, as he had the right to do, this preference by making Spicer and his children beneficiaries of the conveyance after first providing for himself and wife. Having in view this situation it is not difficult to understand the meaning of the deed. Although very inartificially worded and almost wholly lacking in punctuation, the meaning of the deed is reasonably clear. It shows an intention on the part of the grantors and two first named grantees, to vest in each of the latter a life estate in the land described, with power to the first of them, Robert Innes, to dispose of the land by sale and deed; but if he failed to do so, that the title, in such event, should, at his death and that of his wife, Nancy Innes, if she survived him, vest in the appellee, Milton Spicer, for life, with like power of dispostion; but if

not so disposed of by the latter, to vest at his death absolutely in his children.

In other words, the deed creates three life estates and three remainders, two of the latter being for life, and the third in fee. The first two life tenants were Robert Innes and Nancy Innes, who took in the order named; the third life tenant, the appellee, Milton Spicer; Nancy Innes took the first remainder for life, Milton Spicer the second. The remainder in fee was taken by the appellants, children of Milton Spicer.

The estates in remainder taken by Nancy Innes and Milton Spicer, respectively, were subject to be and would have been defeated by a sale and conveyance of the land by Robert Innes; and the remainder to the infant appellants is subject to be defeated by a sale of the land by their father, Milton Spicer, the present life tenant. Therefore, the interest they take under the deed is, as was that of their father, a defeasible fee in remainder. However, the life estate, which the appellee, Milton Spicer, took in the land under the deed, has been relieved of its defeasible character by the death of Robert Innes, the first life tenant, who alone was authorized by the deed to effect a defeasance of his title by the sale of the land; but neither that fact nor the power given Milton Spicer by the deed to sell and convey the land during his life tenancy, can have the legal effect to convert his life estate therein into an absolute ownership, or title in fee.

We are aware that a number of cases have been decided by this court in which it was held that where a will or deed in apt terms gives full or unqualified power of disposition to the devisee or grantee named as taker of the title, the instrument will pass an absolute fee, and that any provision or devise over is absolutely void for the reason that it is inconsistent with or repugnant to the fee, whether the power to dispose of the property shall have been exercised or not. Clay, etc., v. Chenault, 108 Ky. 77; Dulaney v. Dulaney, 25 R. 1662; Barth v. Barth, 18 R. 840; Becker, etc., v. Roth, etc., 132 Ky. 429; Ratcliffs, &c., v. Marrs, 87 Ky. 26. These cases, however, are not inconsistent with the further doctrine, so often announced by this court, that "in construing a deed it will be read as a whole and, if upon a consideration of the whole instrument, it appears that it was the intention of the parties to vest a less estate than a fee in the grantee, that intention will be carried into effect.

And when the intention, as manifested in the language, is to convey a life estate with remainder over, there has been no disposition to defeat by construction the purpose of the grantor." Harkness v. Meade, 148 Ky. 565; Wilson v. Moore, 146 Ky. 679; Wilson v. Todd, 129 Ky. 133; Atkins v. Baker, 112 Ky. 877. In discussing the rule declared in the cases last above cited, we, in Harkness v. Meade, *supra,* said:

"In the recent case of Wilson, et al. v. Moore, 146 Ky. 679, an action involving the construction of a deed, the court said:

" 'Counsel for appellee contend that the judgment below was proper under the rule laid down in Ratcliffs, etc., v. Marrs, etc., 87 Ky. 26, where it was held that if there is a clear repugnance between the nature of the estate granted and that limited in the habendum, the latter yields to the former. While this case has never been overruled, the tendency of the more recent opinions has been to relax the strictness of the technical rule of construction therein announced, and to construe a deed according to the intention of the grantor as gathered from the whole instrument. Thus, in Dinger v. Lucken, et al., 143 Ky. 850, this court said:

" 'The rule is that where by a deed a fee is granted, and the deed as a whole shows an intention to vest the grantee with a fee, an attempted limitation upon the fee will be disregarded. But in all cases, the effect of the deed turns on its proper construction when read as a whole; and if upon the whole instrument, it appears that the grantor's intention was to vest a less estate than a fee in the grantee, that intention will be carried into effect; for deeds, like other instruments, must be construed according to the intention of the parties, where that intention is sufficiently expressed in the instrument." May v. Justice, 148 Ky. 696.

It will be observed that the deed here involved does not confer upon the first grantee, Robert Innes, an unqualified power of disposition, but confines his right to dispose of the land to a sale and conveyance of by deed. He would not have been authorized to dispose of it by will. The power of disposition conferred was, therefore, a qualified power. The same is true of the power of disposition conferred by the deed upon the appellee, Milton Spicer.

It is our conclusion, therefore, arrived at from a consideration of the deed as a whole, that it manifests an

intention on the part of the grantors to vest in the appellee, Milton Spicer, an estate less than a fee in the land, viz., an estate for life with remainder in fee to his children, subject to be defeated by a sale and conveyance of the land by him before the termination of the life estate. This construction of the deed will not militate against the right of the appellee, Milton Spicer, to sell and convey the land by deed. The power clearly given him by the deed to thus dispose of the land may be exercised by him without approval or direction of a court of equity. The question whether the proceeds of the land when sold should be reinvested by him in other land, the title to be held by him as under the deed from his grantors, we are not asked to determine. Hence, it is not passed on. In any event, a proper deed from him to any purchaser of the land would vest in the latter a valid title as against his children, as, in the absence from the deed of a provision requiring him to do so, such purchaser would not be bound to look to the application of the purchase money received for the land. Kentucky Statutes, section 4846.

For the reasons indicated, the judgment of the circuit court is reversed and cause remanded, with direction to that court to set aside the judgment and enter in lieu thereof such a one as will conform to the opinion of this court.