CASE 8.—ACTION BY JANE STEPP AND MARION STEPP
HER HUSBAND, AGAINST JESSIE LOWE AND HER
HUSBAND, LAWYER T. LOWE, TO CANCEL A
DEED.—February 16.

# Lowe, &c., v. Stepp, &c.

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for plaintiffs, defendants appeal—Affirmed.

1. Deeds—Breach of Condition—Forfeiture—Re-entry.—A grantor
who, on breach of condition in the deed, elects to declare a
forfeiture of the title conveyed, and who with the consent of
the grantee re-enters and takes possession of the premises,
acquires thereby an estate, which is the subject of assignment.
2. Vendor and Purchaser—Subsequent Purchasers from Vendor—
Rights as Against Original Purchaser.—Where a grantor, on
breach of condition, elected to declare a forfeiture of the
title conveyed and with the consent of the grantee re-entered,
and conveyed the land by title bond to a third person, who
paid a valuable consideration, the third person acquired an
equitable title, which could not be affected by subsequent
efforts of the grantor to waive the cause of forfeiture.
3. Remainders—Forfeiture of Estate—Failure of Life Estate.—
Where land is conveyed to the grantee for life, with the
remainder to his children, in consideration of the grantee
providing for the support of the grantors for life, the interests
of the remaindermen are dependent on the grantee fulfilling
the contract, and, where he fails to do so, the interests of
the remaindermen are defeated by the grantors electing to
declare a forfeiture, followed by re-entry and possession and
a conveyance to a purchaser in good faith and for value.

J. S. CLINE and R. C. GRAY for appellants.

Appellants assign the following reasons why this case should be reversed:

1. The court erred in overruling the demurrer of infant appellants, then defendants, to appellees, then plaintiffs, petition.

2. The court erred in allowing the deposition of Marion Stepp to be used against infant appellants, then defendants.

3. The court erred in cancelling deed from Lawyer T. Lowe. etc., to Orison P. Lowe, etc., and in decreeing specific performance of the title bond, defeating infant appellants' remainder interest in said land.

### AUTHORITIES CITED.

Cyc. vol. 13 (d), 692; Arnett, etc., v. McGuire, 23 Ky. Law Rep. 2319; Devlin on Deeds, section 969; 7 Ky. Law Rep. 664; Ky. Stats., section 2345; Cyc. vol. 13 (e), 694; Civil Code, section 606, subsection 2; 2 Black 154; Devlin on Deeds, section 970; Cyc. vol. 13 (e), 689; Bispman's Eq. (7th Ed.), section 378.

YORK & JOHNSON for appellees.

In the case at bar, the consideration was the support, or partial support, and the care and maintenance of the grantors; and the proof in the case instituted by Lawyer T. Lowe for the purpose of cancelling the deeds, as well as the proof in this case, will show conclusively that Orrison P. Lowe had failed to keep or perform, and that under the circumstances it was impossible for him to keep and perform, the conditions set out in the contract.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

This action was instituted by appellees Jane Stepp and Marion Stepp, her husband, in the court below, to cancel a deed executed by Lawyer T. Lowe and wife, whereby they conveyed a considerable tract of land in Pike county to their son, Orrison P. Lowe, for life, with remainder to his children, and also to cancel a deed conveying the same land made by Orrison P. Lowe to his wife Julia Lowe. The consideration expressed in the first deed was $100 cash in hand paid, and an undertaking on the part of

Orrison P. Lowe to provide one-half of such an amount as would be required to properly maintain and care for the grantors during their lives; the other half being contributed by another son of the grantors to whom they by deed had also conveyed a tract of land. In the deed from Lawyer T. Lowe to Orrison P. Lowe, the latter is the only person named as the party of the second part, and the land by the language of the deed is conveyed "to the party of the second part to be his during his life, and then to his heirs." The language of the habendum is "unto the party of the second part his lifetime, and then to his heirs." The deed further declares that a lien is retained "upon the property hereby conveyed as security for the performance of the said deed." About four months after the execution of the deed, Orrison P. Lowe attempted by deed to convey the land in question to his wife, Julia Lowe, and fled the State to escape arrest and trial under an indictment charging him with the crime of murder, and was soon followed by his wife and children. This flight, the attempted conveyance to his wife, and his abandonment of the land put it out of the power of Orrison P. Lowe to perform the consideration of the deed. Very soon after the flight of Orrison P. Lowe, his father, Lawyer T. Lowe, brought suit against him, his wife, and children, in the Pike circuit court to set aside the deed previously made by him to the former and his children, and also the deed from Orrison P. Lowe to Julia Lowe, upon the ground of a failure on the part of Orrison P. Lowe to support his grantors, as, by the terms of the deed to him, he undertook to do. We think the proof taken in that case, to say nothing of the flight of Orrison P. Lowe and wife and their abandonment of the land, sufficient

to establish a failure of consideration and justify
the cancellation of the deeds attacked by Lawyer T.
Lowe had he prosecuted the action to a final judg-
ment; but, instead of pursuing that course, Lawyer
T. Lowe, acting upon the proof of failure of con-
sideration and in pursuance of verbal authority from
Orrison P. Lowe, on the day of taking depositions in
his action against the latter, his wife and children,
sold to the appellee Jane Stepp, his daughter, the
tract of land he was suing to recover, and at that
time, August 3, 1901, executed to her a title bond
therefor, by the terms of which he covenanted to con-
vey the land to her. The consideration for the sale
of the land to Jane Stepp was $2,500, about $800 of
which was paid by the cancellation of certain indebt-
edness from Orrison P. Lowe to Marion Stepp, and
the remainder to Lawyer T. Lowe in cash. This
money, according to the evidence, Lawyer T. Lowe
carried with him to the home of his son, Orrison P.
Lowe, in the state of Washington, and used it in
paying for a tract of land purchased by the latter
in that state. The sale to Mrs. Stepp was effected
through the instrumentality of two sons of Lawyer
T. Lowe, brothers of hers, who acted in the matter
under verbal authority from their father Lawyer T.
Lowe, and brother, Orrison P. Lowe. The sale was
obviously made for the purpose of reinvesting the
money received from Mrs. Stepp in the Washington
land held by Orrison P. Lowe, and was admittedly so
used; the parties evidently believing that because of
the inability of Orrison P. Lowe to carry out his un-
dertaking as to the support of his parents the deed
to him became void, and restored the title of the
land to Lawyer T. Lowe. It does not appear from
the record before us how or by whom the title to the

Washington land purchased by Orrison P. Lowe was held, but it does appear that Lawyer T. Lowe and his wife have removed to the state of Washington and are now residing there with their son, Orrison P. Lowe. After the sale of the land to the appellee Jane Stepp, Lawyer T. Lowe filed an amended petition in his action against Orrison P. Lowe, etc., then pending in the Pike circuit court, wherein he waived all his former rights as to maintenance, declared he did not wish to deprive the children of Orrison P. Lowe of the land, and prayed for its sale and reinvestment of its proceeds. Judgment was thereupon entered for a sale of the land as prayed in the amended petition, but was never executed; and shortly thereafter, presumably at the instance of Lawyer T. Lowe, the action was stricken from the docket.

In the instant action, brought by the appellee Jane Stepp to set aside the deed from Lawyer T. Lowe to O. P. Lowe and the deed from the latter to Julia Lowe, his wife, the children being made defendants as remaindermen in the first deed, it was asked if the court was without power to cancel the deeds referred to and compel a conveyance of the land to Jane Stepp; that she and Marion Stepp, the latter having paid $800 of the consideration, be adjudged a lien upon the land as security for the $2,500 paid therefor at the time of the execution and delivery to Jane Stepp of the title bond by Lawyer T. Lowe; and that the land be sold in satisfaction thereof. The relief asked was resisted by the appellants in answers filed presenting their defense to the action; the infant children of O. P. Lowe being represented by a guardian ad litem of the court's appointment. After the taking of proof and following a submission, the circuit court rendered judgment canceling the deed from

Lawyer T. Lowe to O. P. Lowe and that from the latter to Julia Lowe, and decreeing a specific performance of the contract between Lawyer T. Lowe and Jane Stepp for the sale of the land as evidenced by the title bond he gave her; also directing the master commissioner to make her a deed conveying the land in conformity thereto. Appellants, being dissatisfied with that judgment, prosecute this appeal.

Notwithstanding the zeal manifested by Lawyer T. Lowe in his deposition to aid the son to defeat the daughter, it is plainly shown by the record before us that the son did not comply with his contract to maintain his father and mother. Therefore there was a failure of the consideration for which the land in controversy was conveyed him by his parents. The statements and admissions made by Lawyer T. Lowe in the suit he brought to obtain a cancellation of the same deeds contradict at every point the statements made in his deposition given in this case. Moreover, the fact of the flight of O. P. Lowe from this state and his continued absence therefrom sustains the contention of appellees, and shows that he could not maintain his father and mother as required by the deed from them to him. The record throughout shows a persistent motive and purpose on the part of Lawyer T. Lowe and O. P. Lowe to unjustly and fraudulently deprive Mrs. Stepp of the property they sold her and of the money they obtained of her for it as well. On the other hand, the record also shows the utmost good faith upon her part and that of her husband in the transaction between them and the father and brother of the former. The equity underlying appellees' claim to relief strongly appeals to our sense of justice, and inclines us, in passing

upon their rights, to eagerly seek some proper means of granting it.

We think the learned special judge who presided in this case arrived at a correct conclusion in the judgment rendered. We agree with him that at the time of and prior to the sale of the land in controversy to the appellee Jane Stepp by Lawyer T. Lowe there had been a failure of the consideration for which the deed from Lawyer T. Lowe to O. P. Lowe was executed, and an election on the part of the former to declare a forfeiture of the title conveyed by the deed, in pursuance of which he had with the consent of O. P. Lowe re-entered and taken possession of the land, and after such election and taking possession of the land, with the further consent of O. P. Lowe, by title bond sold and covenanted to convey it to the appellee Jane Stepp for a valuable consideration. We think the election to declare the forfeiture, the re-entry upon the land by Lawyer T. Lowe, and his possession thereunder created an estate in him which was the subject of assignment; and, as he sold the interest or estate thus acquired to the appellee Jane Stepp, a vested right or equitable title was thereby passed to her, which could not be and was not affected by the subsequent effort of Lawyer T. Lowe to waive the cause of forfeiture, as attempted in the amended petition filed by him in his action against O. P. Lowe, etc.

Neither the case of Arnett v. McGuire, 67 S. W. 60, 23 Ky. Law Rep. 2319, nor others cited by counsel for appellants, militates against the conclusion we have expressed. In none of these cases had there been a forfeiture declared or reinvestment of the title in the grantor's lifetime. Therefore it was in these cases held that the right of forfeiture and re-

entry was personal to the grantor, and could not be exercised by a third person. It is, however, strongly contended by counsel for appellants that the remainder interest of the children of O. P. Lowe in the land could not be affected by the acts of Lawyer T. Lowe in the matter of the forfeiture, or those of their father in consenting to it. This contention is untenable under the facts of this case. The interest of the remaindermen was dependent upon the due fulfillment of the contract on the part of their father, O. P. Lowe, to maintain his parents, the grantors in the deed to him; and, if he failed to carry out that undertaking as stipulated in the deed, then the remainder interest was liable to be defeated, and did, in fact, cease upon the election of the grantor Lawyer T. Lowe to declare a forfeiture followed by the re-entry and subsequent possession. It will not be contended that the interest of the remaindermen was not subject to the lien retained in the deed to secure the faithful performance of the conditions it imposed upon the life tenant. If the failure of the latter to comply with the conditions could be made to operate as a forfeiture of title at the election of the grantor and a re-entry by him, such forfeiture would defeat the interest of the remaindermen as it would that of the owner of the life estate.

By far the greater part of the money derived from the sale of the land in controversy to the appellee Jane Stepp was confessedly invested by O. P. Lowe in land purchased by him in Washington. If the deed under which that land is held does not convey his children a remainder interest therein, it is not improbable that the laws of that state will afford them a remedy. Be that as it may, appellees are innocent of any wrongdoing toward the remainder-

men, and such injury, if any, as they may have suffered, resulted from the default of their father, whose acts, as well as those of their grandfather, estop them and the remaindermen to complain of the judgment appealed from.

For the reasons indicated, the judgment is affirmed.