## Coomes, et al. v. Frey.

(Decided January 25, 1911.)

## Appeal from Daviess Circuit Court.

Deed—Reversion—Dying Without Issue—Mortgage—Foreclosure — Defeasance by Judicial Decree.—Mrs. C. conveyed a lot by deed to her son in consideration of one dollar and natural love and affection, providing that if the second party die without issue, then after the death of the party of the second part or if his wife shall survive him and die without issue by him, then the lot shall revert to Mrs. C. or her heirs. Mrs. C. and her son afterwards mortgaged the lot to secure a note; suit was brought on the note and the lot sold for the debt. Mrs. C. and her son died without issue, and so the defeasance occurred.

Held that Mrs. C. did not part with the reversion by her deed
to her son, but did part with it by the execution of the mortgage
and its foreclosure by judicial decree.

W. SCOTT MORRISON, W. E. AUD, and F. A. ROBY, for appel-
lant.

LAVEGA CLEMENTS, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

In the year 1889, Mrs. Martha V. Carrico, who owned
a house and lot in Owensboro, executed the following
deed to her son James H. Carrico:

"This indenture made and entered into this 3d day
of October, 1889, by and between Martha V. Carrico,
party of the first part and her son, James H. Carrico of
the second part, all of Daviess county, Kentucky, Wit-
nesseth: That the party of the first part for and in con-
sideration of one dollar cash in hand paid, the receipt of
which is hereby acknowledged, and the further consider-
ation of natural love and affection for the party of the
second part, has this day sold and doth by these presents
grant, bargain, sell and convey unto the party of the
second part, a certain house and lot on West Main
street, Owensboro, Ky., described as follows: (Here fol-
lows description.) To have and to hold unto the party of
the second part his heirs and assigns with covenant of
general warranty. But it is agreed and understood by
the party of the first part and party of the second part
that if the party of the second part die without issue,
then after the death of the party of the second part, or
if his wife shall survive him and die without issue by him,
then the above mentioned property conveyed in this deed
shall revert to the party of the first part or her heirs."

On November 18, 1895, Margaret V. Carrico and
James H. Carrico mortgaged the house and lot to a
building and loan association to secure the payment of
a note for $500. They failed to pay the note, suit was
brought to enforce the mortgage, and at the January
term, 1900 of the circuit court, the property was ordered
sold for the debt. The sale was made and Paul Frey
became the purchaser at the price of $655. The sale was
confirmed by the court, a deed was made to Frey, he
was placed in possession, and has since held it. Mar-
garet V. Carrico died September 4, 1909. James H. Car-
rico died April 2, 1910, without issue, his wife having

died some years before.  This suit was brought by the heirs at law of Mrs. Margaret V. Carrico against Frey to recover the property; and their petition having been dismissed by the circuit court, they appeal.

The first question arising in the case is the proper construction of the deed above quoted.  A deed like any other instrument is to be read as a whole.  Mrs. Carrico conveyed by the deed to her son a defeasible fee, that is the estate which he took under the deed was subject to be defeated by his death without issue.  He died without issue and so the defeasance occurred.  The title to the property being in Mrs. Carrico, remained in her except so far as she conveyed it by the deed.  The deed provides that in case of the death of James H. Carrico without issue "then the above mentioned property conveyed in this deed shall revert to the party of the first part or her heirs."  In 2 Washburn on Real Property, side page 296, the common law rule is thus stated:

"At common law, if a man seised of an estate limited it to one for life, remainder to his own right heirs, they would take, not as remaindermen, but as reversioners; and it would be moreover competent for him, as being himself the reversioner, after making such a limitation, to grant away the reversion.  And where he made the limitation after a life-estate to his own heirs by will, they took as reversioners, and not as purchasers."

In Alexander v. DeKermel, 81 Ky., 345, there was a conveyance to one for life, and then to the grantor's heirs.  It was held that the conveyance created a reversion in the grantor, and upon the death of the life tenant, the grantor could devise the estate as he pleased.  In Pryor v. Castleman, 9 R., 967, a man conveyed land to his daughter for life, and upon her death to her children, but if no children then to his legal heirs.  It was held that the deed created a reversion in the grantor, which he could pass by deed.  To same effect is Whayne v. Davis, 23 R., 2174.  In the case before us the reversion is to the grantor or her heirs.  The reversion was a present estate in her.  It is true the particular estate might not be defeated, but if the defeasance came, the reversion was to her.  The right to the property in case the defeasance occurred was in her.  The reversion being to her or her heirs was in legal effect the same as a reversion to her; for the heirs would take from her and not as purchasers under the deed.  The word "heirs" is a term of limitation, and not of purchase, as shown in the quotation from Washburn on Real Property, and as has

often been held by this court.   Mrs. Carrico did not part
with the reversion by her deed to her son but she did
part with it by the execution of the mortgage and the
foreclosure of the mortgage by the judicial decree. Frey
by his purchase at the judicial sale, acquired the entire
title to the property.
　　Judgment affirmed.