## Taylor, et al. v. Dedman.

(Decided October 22, 1915.)

Appeal from Mercer Circuit Court.

1.  Deeds—Construction—Intention of Grantor.—The court must construe a deed according to the intention of the grantor as gathered from the whole instrument, and where it appears that the grantor's intent was to vest a less estate than a fee in the grantee the intent will be carried into effect, and technical words in the granting or habendum clauses importing a fee must yield to the other provisions limiting the interest of the grantee to a life estate.

2.  Deeds—Construction—Estates Acquired.—The provisions of a deed considered and held to vest in the named grantees only a life estate with remainder to the children of one of the grantees.

R. W. KEENON for appellants.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

On November 24th, 1914, Missie Taylor and her husband, James N. Taylor, entered into a written contract with J. O. Dedman, whereby, in consideration of the sum of $450, to be paid upon execution and delivery of the deed, they agreed to convey to him the fee simple title to certain property located in Mercer County. On November 25th, 1914, the Taylors tendered to Dedman a deed to the property and demanded payment of the purchase price. Dedman refused to accept the deed on the ground that Missie Taylor owned only a life estate in the property. Thereupon this suit was brought to enforce the contract. The contention of Dedman was sustained by the chancellor and specific performance denied. The Taylors appeal.

The case turns on the proper construction of a deed, dated March 26th, 1892, and executed and delivered by Phil B. Thomson and wife to Mollie Young and Missie Passmore, which, omitting the description of the property conveyed, is as follow:

"THIS INDENTURE made and entered into this 26th day of March, 1892, between Phil B. Thompson, Sr. and Mat. A. Thompson, his wife, parties of the first part,

and Mollie Young and Missie Passmore, daughter of Mollie Young, of the second part.

"Witnesseth: That parties of the first part, in consideration of three hundred and thirty six dollars and eighteen cents ($336.18) payable one day after date, for which sum the said Mollie Young has this day executed her note, and for the payment of which said note a lien is hereby retained on the house and lot hereby conveyed, have this day by their presents doth bargain, sell and convey unto the party of the second part, the following described property, situated in the town of Harrodsburg, County of Mercer, and State of Kentucky and bounded as follows:

(Here follows description.)

"TO HAVE AND TO HOLD to the parties of the second part, their heirs and assigns forever, with clause of general warranty, provided that the property hereby conveyed shall not be subject to the debts now owing, or that may be hereafter contracted by said parties of either. The right of the said Mollie to use and occupy the same as a home shall not be liable, in law or equity to be sold or rented out. * * * The right of said Missie Passmore to occupy the same as a home shall not be liable in law or equity to be sold or rented out. The said property on the death of said Mollie Young shall be the absolute property of Missie Passmore, provided Missie Passmore should outlive the said Mollie Young.

"Should said Mollie Young outlive the said Missie Passmore, then the property to be the absolute property of Mollie Young. Should the said Missie Passmore have any child or children, upon the death of Mollie Young and said Missie Passmore, the property to be the property absolutely of said child or children, nor shall the right of said child or children to use and occupy the same be held liable in law or equity for any debts of said Mollie Young or Missie Passmore, or child or children. The right of said Mollie Young or Missie Passmore to use and occupy said property as a home, not to be subject to the control of any husband, said Mollie Young or Missie Passmore has, or may have. Nor shall the husband of either of them have any right or title to said property as to use or possession of the same. The property in no event to be subject to the debts of said Mollie Young or Missie Passmore, or both. Nor shall the said Mollie

Young or Missie Passmore, or either or both of them encumber said property by any lien of any kind.''

In construing deeds it was formerly held that in case of clear repugnance between the nature of the estate granted and that limited in the habendum, the latter yields to the former. Ratliffe, etc. v. Marrs, etc., 87 Ky., 26. But in the more recent decisions of this court the tendency has been to relax the strictness of the technical rule of construction above announced, and to construe a deed according to the intention of the grantor as gathered from the whole instrument. Thus in Dinger v. Lucken, et al., 143 Ky., 850, the court said:

''The rule is that where by a deed a fee is granted, and the deed as a whole shows an intention to vest the grantee with a fee, an attempted limitation upon the fee will be disregarded. But in all cases, the effect of the deed turns on its proper construction when read as a whole; and if upon the whole instrument, it appears that the grantor's intention was to vest a less estate than a fee in the grantee, that intention will be carried into effect; for deeds, like other instruments, must be construed according to the intention of the parties where that intention is sufficiently expressed in the instrument.''

So it is held that technical words in the granting or habendum clause importing a fee, must yield to subsequent clauses limiting the interest of the grantee to a life estate. Atkins v. Baker, 112 Ky., 877; Lawson, etc. v. Todd, etc., 129 Ky., 133; Wilson v. Moore, 146 Ky., 679.

With these rules of construction in mind, let us examine the provisions of the deed in question: The parties of the second part are Mollie Young and Missie Passmore. By the granting clause, the property is conveyed to them jointly without limitation. The first part of the habendum clause imports a fee, as evidenced by the use of the words ''their heirs and assigns forever.'' Then follow certain provisions, protecting both the right of Mollie Young and Missie Passmore to occupy the premises as a home. It is further provided that if Missie Passmore outlive Mollie Young, the property shall be the ''absolute property of Missie Passmore.'' On the other hand, if Mollie Young survived Missie Passmore, the property was to be the ''absolute property of Mollie Young.'' If the deed concluded here, there would be no question as to the estate which Missie Passmore would take, but the deed further provides that should the said

Missie Passmore have any child or children upon the death of Mollie Young and said Missie Passmore, the property should be the property absolutely of said child or children. Then follow certain provisions for the protection of the right of the children to use and occupy the premises. There also follow additional provisions protecting Mollie Young and Missie Passmore against their husbands and providing that neither Mollie Young nor Missie Passmore should encumber the property by any lien of any kind. With the validity of all these restrictions we are not now concerned. We mention them merely for the purpose of showing how carefully the parties were looking after the interest of Missie Passmore's children by not only providing that upon the death of both Mollie Young and Missie Passmore the property would be theirs, but by further providing that it should not be liable in their hands for any debts incurred by either Mollie Young or Missie Passmore. Considering the instrument as a whole, the conclusion cannot be escaped that the parties to the instrument clearly intended that Mollie Young and Missie Passmore should each have a life estate in the property, which would not be subject to their debts or the control of their husbands, and which should not be encumbered in any manner whatsoever; and upon the death of both Mollie Young and Missie. Passmore, the property should go to Missie Passmore's children, if she had any. That being true, Missie Passmore and her husband are unable to convey the fee simple title to the property to Dedman, and the chancellor properly so adjudged.

Judgment affirmed.