## Lawson et al. v. Asberry.

June 4, 1940.

J. C. Carter, Judge.

L. C. Lawrence for appellants.

Charles Montgomery, Morris Montgomery and Oliver Popplewell for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

In June, 1908, J. M. Knight conveyed a 53-acre and a 111-acre tract of land to his niece, Lucy T. Foley, for life, with remainder to her bodily heirs, in consideration of her agreement and the condition that he be supported during his life and given a decent burial. It was also provided that the property should not be sold or transferred by the "second party or her heirs during their lifetime, except to buy other land of equal value

and put the proceeds of this land into it.'' The deed also contained the provision:

> ''It is further agreed and provided that if the said Lucy T. Foley or her heirs refuse or fail to provide for the said first party as set out in the consideration, then this land shall revert to the first party.''

Miss Foley married Floyd Stapp and about a year after the above deed was made she and her husband reconveyed the 53 acres to Knight for the recited consideration of $1,500 cash, and the further consideration that all of the provisions of the first deed which required the grantee to support Knight ''be annulled and set aside and not binding on either party.'' By mesne conveyance from Knight, the 53-acre tract was acquired by Charles A. Asberry. Knight died in 1931. Asberry instituted this suit to quiet title against Lucy Foley Stapp and her three children, alleging that the defendants were claiming that the children owned the remainder interest in the land. A demurrer to the petition was overruled and the defendants declined to plead further. Judgment was rendered quieting plaintiff's title and the defendants appeal.

There can be no question that without regard being had for the conditions the deed from Knight to Lucy T. Foley for life and at her death to her bodily heirs conveyed a life estate to her and the remainder in fee simple to her children. Section 2345, Kentucky Statutes; Eggner v. Hovekamp, 134 Ky. 224, 119 S. W. 818. It is appellants' argument that the re-conveyance by their mother did not deprive them of their title in remainder. The deed provided by its terms for a reversion if the consideration should fail or the condition be not complied with. The support of the grantor was a condition subsequent. Adkins v. Adkins, 171 Ky. 762, 188 S. W. 843; Manning v. Street, 279 Ky. 253, 130 S. W. (2d) 735. The fee passed subject to the contingency of being defeated as provided in the condition, the grantor having the power to re-enter upon the condition being broken. Dotson v. Dotson, 194 Ky. 26, 237 S. W. 1075.

In Lowe v. Stepp, 132 Ky. 75, 77, 116 S. W. 293, Lawyer T. Lowe conveyed land to his son, Orrison P. Lowe, for life, with remainder to his children in consideration of the grantor being supported for life. There was no express provision for a reversion but a

lien was retained to secure the performance of the condition. Orrison P. Lowe abandoned the undertaking and the father sued for a rescission. Pending that suit, however, he conveyed the property to his daughter. Later the father joined the son in an effort to divest the daughter of title. We held the election by Lawyer T. Lowe to declare a forfeiture, together with a re-entry and possession thereunder, vested him with an equitable title which passed to the daughter. The title in remainder to Orrison P. Lowe's children contained in the deed was held to have been divested also as their interest was dependent upon the due fulfillment of the contract on the part of their father, the life tenant. Upon the same ground, in Martin v. Adams, 171 Ky. 246, 188 S. W. 318, where there was a conveyance of land on a similar condition with an express provision that a breach should work a forfeiture that non-performance had that effect and that no action was necessary to deprive the grantees, an adult and several infants, of their interest in the property.

It is admitted by the appellant that for a breach of the condition stated in the deed, namely, that the grantee, Miss Foley, would support the grantor and provide for his burial, he could have successfully maintained suit to rescind the conveyance. It is argued, however, that this right of rescission was personal to him and that the appellee, though his successor in title, may not have it. It does not seem sound to us to say that a voluntary release by Knight of the obligation of the named grantee, Lucy T. Stapp, to maintain him could not affect the title of the remaindermen. If rescission and re-transfer of complete title may be accomplished by a voluntary abandonment of the grantee of her undertaking and a repossession of the property by the grantor, or through the compulsion of a lawsuit, we perceive no reason why the same end could not be accomplished by agreement. The title of the children was dependent upon the fulfillment of the condition by the life tenant and the agreement by the parties that it should not be fulfilled effectually deprived not only the life tenant but the remaindermen of all title in the property.

We do not regard as meritorious the construction put upon the petition by appellant that it is not sufficient to raise the point upon which the case is decided.

The judgment is affirmed.