# Pewitt et al. v. Workman et al.

Feb. 10, 1942.

J. D. Via for appellants.

Frank Carr for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In February, 1920, T. J. Reed, a citizen of Fulton county, Kentucky, executed and delivered to his wife, Mintie Reed, a deed of conveyance to a tract of land in Fulton county, Kentucky. Omitting the caption, etc., it reads:

"I, T. J. Reed, do hereby sell, grant and convey by this deed, and which is a deed of gift, but subject to my personal use and benefit during the balance of my natural life, (description omitted) * * * to said Mintie Reed for her use during her life.

"To have and to hold said lands to the said Mintie Reed during her natural life, but subject to the free use and benefit of myself during the balance of my natural life, and at her death then to the heirs of my body or their heirs in fee." (Our parenthesis.)

T. J. Reed died testate in December, 1926, and by the terms of his will he devised all of his property to his wife, Mintie Reed. The will, so far as is pertinent, reads:

"First I hereby revoke the deed which I made to my wife Mintie Reed to ten acres of land, under date of Feby. 25th 1920. But As To that part of

said Deed which gave her the lands for her natural life only—it is now being hereby given her in fee simple title forever.

"Secondly, I order that all my honest debts be paid as soon after my death as practical.

"Third: After that is done, I hereby give, convey, and bequeath, all of my property which I now have, or may acquire hereafter, and all that I may die possessed of, both personal and real, wherever situated, to my beloved wife Mintie Reed.

"This is in consideration for the love and affection I have for her, and in a small measure payment for the many kindnesses and loving deeds done for me during my happy life spent with her since our marriage.

"Everything is given her in fee simple title forever, when my just debts are paid, as above stated.

"Witness my hand this September the 18th, 1926.

"(Signed) Thomas J. Reed."

T. J. Reed and Mintie Reed both had been married previous to their marriage to each other, and children had been born to their respective previous marriages, but no children were born to the marriage of T. J. Reed and Mintie Reed. Mintie Reed died intestate in May, 1940, leaving surviving her as her heirs at law her children born to her first marriage, who are the appellees in this action. A dispute or controversy arose between appellees and appellants—the latter being the heirs at law of T. J. Reed born to his first marriage, as to the proper construction of the deed and will executed by T. J. Reed to Mintie Reed, whereupon the children and heirs at law of Mintie Reed brought this action under the Declaratory Judgment Act against the heirs at law of T. J. Reed asking for a construction of the deed and will and a declaration of the rights of the parties, and further asked that the court adjudge and determine that under the provisions and terms of the deed and will of T. J. Reed, Mintie Reed was vested with a fee simple title to the real estate in controversy and that they, as her heirs at law, are now vested with a fee simple title thereto under the statute of descent and distribution, and that the appellants have no right, title or ownership therein, and prayed to be quieted in their title.

The appellants (defendants) filed their answer in which they admitted the execution of the deed and will, and admitted all the facts set out in the petition, but joined issue with appellees as to the legal effect or construction that should be given to the will and deed. It is their contention that when T. J. Reed executed and delivered the deed to Mintie Reed he then parted with all right, title and interest in and to said land, and by the terms of the deed a life estate vested in Mintie Reed and the remainder vested in T. J. Reed's heirs at law, and when he wrote the will he owned no right, title or interest in or to the said land and hence Mintie Reed took no right, title or interest in or to the land under the will.

The chancellor construed the deed and will and adjudged that by the deed of T. J. Reed to Mintie Reed a life estate was conveyed to Mintie Reed subject to the use and control of T. J. Reed during his lifetime, and that the reversion in the real estate remained in T. J. Reed and upon his death by virtue of his will the reversion was devised to Mintie Reed and she then became vested with a fee simple title to the real estate and upon her dying intestate the real estate passed in fee simple to her heirs at law, and that they are now the owners in fee simple of the said real estate, and that appellants have no right, title or interest therein. Appellants excepted and prayed an appeal to this court, which was granted.

It is not disputed that Mintie Reed took only a life estate in the land under the terms of the deed. The question before us to be determined is whether the language "and at her death then to the heirs of my body or their heirs in fee" invested the heirs of T. J. Reed with the fee to the remainder, or whether the reversion was retained in the grantor which he might dispose of by his will or otherwise. Appellant contends that by the language quoted above the heirs of T. J. Reed became vested with the fee simple title after the termination of the life estate, and in support of this argument Section 2345, Kentucky Statutes, is cited and relied on. That section of the Statutes reads:

"If any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in

fee simple in his heirs, or the heirs of his body, or his issue or descendants.''

Counsel for appellants seem to be laboring under the idea that the ''heirs'' referred to in that section of the Statutes are the heirs of the grantor. In this, counsel is in error. The ''heirs'' referred to are the heirs of the grantee and not those of the grantor. In Fidelity & Columbia Trust Co. v. Williams et al., 268 Ky. 671, 105 S. W. (2d) 814, 816, it is said:

''In the more recent case of Mayes v. Kuykendall, Ky., 112 S. W. 673, it was held that a conveyance by a husband to his wife for life, or in case she become a widow, during her widowhood, and thereafter to the lawful heirs of the grantor, vests in the wife an estate for life or during widowhood, with reversion to the husband. It was also held that the common-law rule that, where one conveys a life estate to another with remainder to the heirs of the grantor, they take as reversioners, and the grantor being himself the reversioner, after making such limitation may grant the reversion, is not affected by Kentucky Statutes, Section 2345, as the heirs therein referred to are the heirs of the grantee and not those of the grantor. To the same effect is Pryor v. Castleman, 7 S. W. 892, 9 Ky. Law Rep. 967; Whayne v. Davis, 66 S. W. 827, 23 Ky. Law Rep. 2174; Coomes v. Frey, 141 Ky. 740, 133 S. W. 758, and McIlvaine v. Robson, 161 Ky. 616, 620, 171 S. W. 413.''

This construction of such language used in wills and deeds was announced in the early case of Alexander v. De Kermel, 81 Ky. 345, 5 Ky. Law Rep. 382, and has been consistently followed down to the recent case of Mitchell et al. v. Dauphin Deposit Trust Co. et al., 283 Ky. 532, 142 S. W. (2d) 181. This is not only the prevailing doctrine in this jurisdiction but it appears from annotations 125 A. L. R., page 551, that the rule is adhered to in practically all the states of the union. Since the question here involved presents no new question further citation of authorities or elaboration becomes unnecessary.

The judgment of the chancellor being in harmony with these facts, it is accordingly affirmed.